# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2023

Lyle W. Cayce
Clerk

No. 22-40606
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Yazmani Luna,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1296-4

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Victor Yazmani Luna was resentenced after this court affirmed his conviction for aiding and abetting kidnapping but vacated another conviction and both of his original sentences. On remand, the district court sentenced Luna to a below-guidelines term of 304 months in prison, which represents an increase from the original sentence for the kidnapping count but a decrease

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

from the original total sentence.  Luna now appeals his new sentence on two grounds.  For the following reasons, we affirm.

Luna first contends that the district court lacked authority to increase the term of imprisonment imposed for the kidnapping.  However, he fails to identify any clear basis for this contention.  Luna does not argue that the district court acted beyond the scope of the mandate on remand.  *See United States v. Lee*, 358 F.3d 315, 320-21 (5th Cir. 2004).  Nor does he show that the court's authority to impose a lawful sentence was otherwise constrained.  This argument accordingly fails.

The remaining issue is whether the district court erred by applying an enhancement under U.S.S.G. § 3B1.5.  As Luna acknowledges, our review is for plain error only.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To establish plain error, a defendant must show (1) an error (2) that is clear or obvious and (3) that affected his substantial rights.  *Id.*  Because we conclude that Luna fails to make the required showing, we do not address the Government's argument that he forfeited this issue by failing to raise it in his initial appeal.  *See United States v. Stanford*, 883 F.3d 500, 504-05 (5th Cir. 2018).

Luna contends that § 3B1.5 is inapplicable because federal kidnapping is not a "crime of violence."  An application note defines that term for purposes of § 3B1.5 by reference to 18 U.S.C. § 16.  § 3B1.5, comment. (n.1).  Luna does not dispute that federal kidnapping falls within the crime-of-violence definition at § 16(b), and he fails to show that use of that definition is plainly erroneous here.  *See United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018).  Thus, he has not carried his burden of showing that any error was clear or obvious.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.